UNITED STATES, Appellee

v.

NEAL CAVETT, JR., Basic Airman, U. S. Air Force, Appellant

6 USCMA 235, 19 CMR 361

No. 6380

Decided August 5, 1955

*Captain Donald C. Helling* argued the cause for Appellant, Accused. With him on the brief was *Colonel A. W. Tolen.*

*Lieutenant Colonel Roger H. Miller* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Another narcotics case is before us here. Despite his plea to the contrary, the accused was found guilty of the wrongful use of a habit-forming drug, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for six months. After intermediate appellate authorities affirmed both the findings and the sentence, The Judge Advocate General, United States Air Force, certified two questions for our consideration:

"(a) Was the Board of Review correct in holding a lack of knowledge on the part of the accused, of the use of a narcotic drug, to be immaterial to the offense charged?

"(b) If the first question is answered in the negative, did the evidence reasonably raise the issue of conscious use so as to require an instruction thereon?"

In addition to these certified issues, we granted two others urged by the accused in his petition for review.

II

On July 1, 1954, a urine specimen was obtained from the appellant by means of a voluntary catheterization. A subsequent analysis of this sample revealed the clear presence of morphine.

Testifying in his own behalf, Cavett emphatically declared that at no time had he used narcotics to his knowledge. An Air Force medical officer, who had examined him, then testified that he had found on the accused's body no evidence of needle marks—recent or old— which might indicate that he had made use of drugs on prior occasions. However, the first sergeant of the accused's squadron asserted as a witness that the latter's reputation for truth and veracity was distinctly poor, and that he would be disinclined to believe him on his oath.

III

The conclusion of the board of review that lack of knowledge on the part of

an accused person is immaterial in a case involving the wrongful use of narcotics is obviously erroneous in the light of our decision in United States v. Greenwood, 6 USCMA 209, 19 CMR 335, decided this day. There we pointed out at some length the necessity for an instruction covering the issue of honest lack of knowledge, where an accused is charged either with the wrongful use or the wrongful possession of narcotic drugs—and we rejected expressly the argument that one who uses a drug is inevitably aware of its presence. The first certified issue is therefore answered in the negative.

## IV

Turning to the second certified question, we entertain no doubt that the defense of ignorance of fact was raised reasonably by the evidence here. Since knowledge is by definition a product of one's mental processes, the testimony of an accused which explicitly negates all conscious use of narcotics—where such testimony is not inherently improbable —will in almost all cases be sufficient of itself to raise that issue. See United States v. Grier, 6 USCMA 218, 19 CMR 344.

In the case before us, Cavett stated vehemently that at no time had he used narcotic drugs to his knowledge. True, he offered no shred of evidence which might serve to explain the presence of the drug in his system—but we are sure that no explanation was required to *raise* the issue of knowledge. Certainly, his story is not unbelievable as a matter of law and particularly is this so in light of the medical testimony with respect to the absence of needle scars on his body—an indicium of drug use frequently relied upon by the Government. Therefore, we must hold that an instruction to the general effect that, if the accused was honestly unaware of occasion for the presence of the narcotic drug in his system, he should be exonerated, should have been given— and that the law officer's failure in this particular constituted prejudicial error.

## V

Our disposition of the certified questions obviates all need for a discussion of the issues granted on petition. It may be said in passing that the grounds for reversal urged by the accused entitle him to no greater relief than that which he has already been afforded by this decision on The Judge Advocate General's inquiries.

The decision of the board of review must be, and hereby is, reversed, and a rehearing is ordered.

Chief Judge QUINN and Judge LATIMER concur.