UNITED STATES, Appellee

v

CORDELL DIXON, Basic Airman, U. S. Air Force, Appellant

6 USCMA 484, 20 CMR 200

No. 6782

Decided November 10, 1955

*Captain Richard C. Bocken,* argued the cause for Appellant, Accused. With him on the brief were *Colonel A. W. Tolen, Lieutenant Colonel Stanley S. Butt,* and *Captain Lee G. Norris.*

*Lieutenant Colonel Roger H. Miller* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

PAUL W. BROSMAN, Judge:

This case presents a further narcotics use problem. The accused before us was convicted by a general court-martial, convened in Japan, of the wrongful use of a narcotic drug, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. The sentence, as approved by the convening authority and affirmed by a board of review in the office of The Judge Advocate General, United States Air Force, ran to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for eighteen months. The accused's petition for review by this Court was granted for the purpose of determining whether the law officer was required to instruct on the necessity for a knowing and conscious use by the accused of the drug involved—morphine in the present instance.

### II

During the latter part of June 1954, the accused, Dixon, was apprehended while fleeing from a house in Tokyo, Japan—then under search by local police because of suspected narcotics violations. The next evening a urine specimen was supplied by him voluntarily —which, when subjected to laboratory analysis, revealed the clear presence of morphine.

At the trial it was made to appear that the appellant had been cooperative with apprehending officers, but had denied vehemently the use of narcotics. Further, while he was not examined physically by medical people, a superficial check by an agent of the Office of Special Investigations revealed no visible scars such as might have been caused by hypodermic needle punctures. Finally, while testifying in his own behalf, Dixon denied categorically having used at any time a narcotic drug knowingly and willfully.

The law officer instructed the members of the court, *inter alia,* that the use of a habit-forming narcotic drug is presumed to be unlawful unless the contrary appears. However, although requested by the defense, no instruction was furnished having to do with the accused's claimed ignorance of the origin of the morphine in his system.

### III

It is settled law in this Court that —where an issue of ignorance is reasonably raised by the evidence—the giving of an instruction, to the effect that a finding of knowledge on the part of the accused must be made by the court-martial, is a prerequisite to valid findings of guilty in cases involving the wrongful use of a narcotic drug. This is true regardless of whether such a charge is requested by the

defense. United States v Grier, 6 US CMA 218, 19 CMR 344; United States v Cavett, 6 USCMA 235, 19 CMR 361; United States v Chinn, 6 USCMA 327, 20 CMR 43. Furthermore, if the testimony of an accused is not inherently improbable, or otherwise unworthy of belief as a matter of law, it—alone and without more—is sufficient to raise such an issue. United States v Grier, supra; United States v Cavett, supra.

In the instant case, the appellant denied ever having partaken of narcotics knowingly. We do not at all accept this story, nor do we reject it. Indeed, it is not our task either to believe or to disbelieve the accounts of witnesses in any case. Unimpeached, however, the accused's testimony here is not unbelievable as a matter of law, and while —as in the Cavett case—he offered no sort of explanation of the source of the discovered drug, we are once more constrained to hold that none was required to place the question before the Court. Therefore, we conclude that the issue of Dixon's ignorance of the fact that he had consumed morphine was reasonably raised here. It follows that the law officer's failure to instruct to the effect that, if he was honestly unaware of the occasion for the presence of the narcotic in his system, he should be acquitted, was a prejudicial omission.

IV

The decision of the board of review is necessarily reversed, and a rehearing is ordered.

Chief Judge QUINN and Judge LATIMER concur.