UNITED STATES, Appellee

v

CHARLES E. ROBINSON, Private E–2, U. S. Army, Appellant

6 USCMA 734, 21 CMR 56

*Walter T. Darmopray, Esq.*, argued the cause for Appellant, Accused. With him on the brief were *Major Edwin Doran* and *First Lieutenant Albert T. Ussery*.

*Captain Vernon M. Culpepper* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant A. Kenneth Pye*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

After his conviction for wrongful use of morphine, in violation of Article 134, Uniform Code of Military Justice, 50 USC 728, was affirmed by a board of review, the accused petitioned this Court for grant of review. We granted the petition to consider the legal sufficiency of the law officer's instructions.

The evidence shows that at about 11:30 p.m. on March 30, 1954, a Japanese taxicab stopped at the entrance of Camp Sasebo, Japan. The accused and two other persons occupied the back seat. In accordance with standard procedure, the passengers were required to dismount. The gate guard examined the cab. A small box was found under the right front seat. Inside the box were a hypodermic syringe and two needles. The accused was taken into custody. A short time later he was examined by a medical doctor on a charge of suspected drug use. The doctor's findings are substantially as follows: "Needle marks (punctures in vein) are not present" and that the accused "has normal behaviour." A Criminal Investigation Detachment agent also testified that the accused appeared to be normal. He saw "a few small marks" on the accused's arms which "might be insect marks or some type of rash." However, an analysis of a sample of the accused's urine disclosed the presence of morphine.

At the trial, the accused testified in his own behalf. He reviewed his military background, which included over eight years of honorable service and the award to him of a Bronze Star medal. He then denied that he had used narcotics on the night that he was apprehended, or "at any time" in his life. He attributed the marks on his arms, which were noted by the Criminal Investigation Detachment agent, to "processing shots" which he had received that morning at the dispensary. His shot record card showed that on March 30 he had been given shots for small pox, typhus, typhoid and cholera. The accused also denied any knowledge of the presence of the box in the cab. He further testified that although he had known the other passengers for a few days, he had not been in their company that night. He met them at a bar just before closing time, and the three of them decided to share the expense of the taxi fare to the camp.

The law officer instructed the court-martial on the elements of the offense and on the effect of circumstantial evidence and testimony by an expert witness. However, he gave no instruction on the accused's ignorance of the presence of morphine in his system as a defense to the offense charged. In our opinion the evidence reasonably raised that issue. Consequently the law officer's failure to instruct on that defense prejudiced the accused, and reversal is required. United States v Cavett, 6 USCMA 235, 19 CMR 361.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside and a rehearing is ordered.

Judge LATIMER concurs.