**UNITED STATES, Appellee,**

v.

**Christopher ALLEN, Private First Class, U.S. Army, Appellant.**

No. 45,303.
CM 441632.

U.S. Court of Military Appeals.

Dec. 2, 1985.

For Appellant: *Forriss D. Elliott*, Esquire (argued); *Captain Richard W. Vitaris* and *Captain Warren G. Foote* (on brief); *Captain Harry L. Williams* and *Captain Eric T. Franzen*.

For Appellee: *Captain Patrick M. Flachs* (argued); *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain John L. Plotkin* (on brief).

*Opinion of the Court*

PER CURIAM:

In this contested case, the military judge sitting alone as a general court-martial convicted appellant of attempted murder, willful disobedience of a superior noncommissioned officer, aggravated arson, assault and battery, and aggravated assault, in violation of Articles 80, 91, 126, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 891, 926, and 928, respectively. The judge sentenced him to a dishonorable discharge, confinement at hard labor for 21 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the findings and sentence, and the Court of Military Review affirmed in a short-form opinion. We granted review on this issue:

WHETHER THE EVIDENCE OF GUILT IS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE FINDINGS OF GUILT BEYOND A REASONABLE DOUBT AS TO CHARGE I (ATTEMPTED MURDER) AND CHARGE III (AGGRAVATED ARSON).

We resolve this issue adversely to appellant and affirm.

Because appellant suspected that Private Karl Crenshaw had given the battalion commander a statement that implicated him and others in an incident, he decided to throw a firebomb—a Molotov cocktail—at 1:00 a.m. into a barracks room where Cren-

shaw was sleeping.[1] As a result of the firebombing, Crenshaw was set aflame and sustained very serious burns to the right side of his scalp, face, neck, right shoulder, forearm, and hand. The injuries necessitated Crenshaw's hospitalization for approximately three weeks; and, according to medical testimony, had the burns been left untreated, he could have died.

■ The only issue at trial and on appeal was whether Allen—when he tossed the firebomb into Crenshaw's room—specifically intended to kill him. This intent is an essential element of attempted murder under Article 80, and therefore it had to be proven by the Government. *United States v. Roa*, 12 M.J. 210, 212 (C.M.A.1982); *United States v. Carroll*, 10 U.S.C.M.A. 16, 27 C.M.R. 90 (1958).

Appellant testified at trial that he did not intend to kill but that he only wanted to scare Crenshaw, so that he would retract his statement about the earlier assault incident. In addition, appellant adduced some evidence tending to show that he had not believed Crenshaw was in his room at the time of the firebombing. However, the military judge, who was the factfinder in this case, stated that he

> did not believe the testimony of the accused that he did not intend to kill or seriously injure Private Crenshaw. *I'm convinced beyond a reasonable doubt that PFC Allen intended to kill Private Crenshaw* and that the government has met its burden of proving this. The requisite of specific intent to kill has been proved by very strong circumstantial evidence. I see no need to go over this evidence as there has been no request for special findings by the defense. I would just reiterate that I did not believe the self serving testimony of the accused concerning his intentions and that he checked Crenshaw's door and found it to be locked. It is not supported by the other evidence before the court, even though it appears logical and plausible on its face.

(Emphasis added.)

■ We are bound by the military judge's *factual* determination that appellant intended to kill Crenshaw. Indeed, we have no power to alter his finding on appeal unless there was no evidentiary basis for his factual conclusion. However, as the judge indicated, there was "very strong circumstantial evidence" of appellant's intent.[2] *Cf. United States v. Roa, supra.* Despite the persuasive defense arguments, we must affirm the findings of guilty of attempted murder.

The granted issue also included the question of whether there was insufficient evidence to support the conviction of aggravated arson. However, appellate defense counsel presented no argument on this point, and we are satisfied that the evidence clearly established this offense beyond a reasonable doubt.

The decision of the United States Army Court of Military Review is affirmed.

---

1. Allen made the firebomb from an olive jar, lighter fluid, alcohol, and a piece of cloth which served as the wick.

2. For example, a witness had testified that, as the firebomb was being assembled, appellant stated "I'm going to fuck up Crenshaw" or "I'm going to fuck up Crenshaw's room." Also, Crenshaw's window was open at the time the firebomb was thrown and there was a unit policy which prohibited windows from being left open unless the room was occupied. Furthermore, the firebomb was tossed in Crenshaw's room at a time (1:00 a.m.) when he normally would have been in his room sleeping, even though the crime was committed on a weekend.