UNITED STATES, Appellee

v

RAMON G. DOMINGUEZ, Basic Airman, U. S. Air Force, Appellant

7 USCMA 485, 22 CMR 275

No. 8698

Decided January 4, 1957

*Captain John H. Leonard* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

*Major John M. Rankin* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Francis P. Murray* and *Major Norman A. Faulkner.*

### Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was charged with and convicted by general court-martial of attempted use of a narcotic drug, in violation of Article 80, Uniform Code of Military Justice, 10 USC § 880. He was sentenced to dishonorable discharge, total forfeitures, and confinement for one year. The convening authority suspended the execution of the

punitive discharge but otherwise approved, and the board of review affirmed. We granted review on an instructional issue which will be set out after the facts have been stated.

On August 13, 1955, the accused was approached by a Korean employee of his unit in Korea, who dealt in narcotics as a source of additional income, and asked whether he desired to purchase any of the drugs held for sale by the Korean. The accused indicated that he would be interested in such a transaction, but he expressed a wish to test the quality of the substance before buying. Accordingly, the two men retired to a secluded area in the barracks, where the Korean produced a packet containing a white powder. The accused mixed a portion of the powder with water, drew it into a syringe, and injected the mixture into a vein in his wrist. The remainder of the commodity was retained by him. It seemed —to the Korean, at least—that the accused underwent a not unpleasurable reaction after completing the injection.

The accused elected to remain silent with respect to this offense, but his testimony with respect to another charge, concerning the use of morphine and as to which he was acquitted, touched on this matter as well. In net effect, he merely denied that he had ever used or attempted to use narcotics, except possibly while under official medical care.

At trial, the law officer instructed on all the necessary elements of the crime charged, but he went on to give the following instruction, which comprises the issue before us:

". . . if you are satisfied beyond a reasonable doubt that the accused at the time and place alleged intended to use a habit forming narcotic drug and did in fact use a substance which he intended and believed to be a habit forming narcotic drug, you may find him guilty of attempting wrongfully to use a habit forming narcotic drug even though you may not be satisfied beyond a reasonable doubt that the substance which he used was in fact a habit forming narcotic drug."

II

Article 80 of the Code, 10 USC § 880, treats of attempts in the following terms:

"(a) An act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, but even though failing, to effect its commission, is an attempt to commit that offense.

"(b) Any person subject to this chapter who attempts to commit any offense punishable by this code shall be punished as a court-martial may direct, unless otherwise specifically prescribed.

"(c) Any person subject to this chapter may be convicted of an attempt to commit an offense although it appears on the trial that the offense was consummated."

In amplification of this legislative enactment, the Manual for Courts-Martial, United States, 1951, paragraph 159, provides in part:

"An attempt to commit an offense is an act or acts done with the specific intent to commit the particular offense which, except for the interference of some cause preventing the carrying out of the intent, apparently would result in the actual commission of the offense."

We are sure that military law presents no novelty in its provisions, for it accords with general hornbook law on the subject in the civilian arena. In 14 Am Jur, Criminal Law, § 69, the weight of opinion as to the law of attempts is summarized as follows:

"*Prevention by Fact Unknown to Accused.*—Whenever the law makes it a crime to take one step toward the accomplishment of an unlawful object with the intent or purpose of accomplishing it, *a person taking that step, with that intent or purpose, and himself capable of doing every act on his part to accomplish that object, cannot protect himself from responsibility by showing that by reason of some fact unknown to*

*him at the time of his criminal attempt, it could not be fully carried into effect in the particular instance. . . . In such cases the accused has* done his utmost to effect the commission of the crime, but fails to accomplish it for some cause not previously apparent to him. The question whether an attempt to commit a crime has been made is determinable solely by the condition of the actor's mind and his conduct in the attempted consummation of his design. *All the authorities hold that, in order to constitute an attempt, the act attempted must be a possibility. But this rule of the law applies only to a case where it is inherently impossible to commit the crime.* It has no application to a case where it becomes impossible for the crime to be committed, either by outside interference or because of miscalculation as to a supposed opportunity to commit the crime which fails to materialize; in short, *it has no application to the case when the impossibility grows out of extraneous facts not within the control of the party."* [Emphasis supplied.]

Phrased in other terms (22 CJS, Criminal Law, § 77), "To constitute an indictable attempt to commit a crime, its consummation must be apparently possible, or in other words, there must be at least an apparent ability to commit it." See also People v Huff, 339 Ill 328, 171 NE 261 (1930); State v Wright, 342 Mo 58, 112 SW2d 571 (1937).

When the general rule is applied to the facts before us, it is at once apparent that the question of ▌ whether the accused attempted to use a narcotic drug does not at all depend upon the true nature of the substance which he used intravenously. It is clear that he intended to commit the crime of using a habit-forming drug, that he did an overt act toward its commission, that the crime was apparently possible of commission in that the substance used seemed apparently adaptable to that end, and that the court-martial was entitled to have some doubts as to whether the white powder was a habit-forming narcotic drug.

Appellate defense counsel agree with all that we have said heretofore, but it is their position that the general law of attempts should not be applied to narcotic cases. They argue that we have consistently given narcotic use and possession cases special treatment, at least insofar as knowledge, ignorance, and mistake of fact are concerned, and they urge that we carve out a special category in the law of attempts as well. This we decline to do.

Assuming, arguendo, that we have given special treatment to narcotics cases, so far as the question of knowledge is concerned, United States v Holder, 7 USCMA 213, 22 CMR 3, let it suffice to say that we need not extend our assumed generosity to this area. Although they have labored mightily to do so, defense counsel have been unable to establish, or even suggest, any good reason why a similarly far-reaching distinction should be taken here, and we have been unable to perceive any of our own accord. Certainly, civilian courts have applied the general law governing attempts to narcotic cases. People v Siu, 126 Cal App2d 41, 271 P2d 575 (1954). It necessarily follows—because no exception is to be made—that the law officer's instruction, stating as it did the general law of attempts, was not erroneous.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.