UNITED STATES

v.

**Enrique MARTINEZ, 462 06 0583, Hospitalman (E–3), U. S. Navy.**

NCM 76-2559.

U. S. Navy Court of Military Review.

23 March 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

CAPT C. P. Mackin, Jr., USMCR, Appellate Government Counsel.

Before NEWTON, CRANDELL and GLADIS, JJ.

GLADIS, Judge:

Appellant was convicted pursuant to his pleas by a general court-martial sitting with members, of conspiracy to commit larceny, sale of tetrahydrocannabinol (THC), and sale and use of heroin and an amphetamine in violation of Articles 81 and 92, UCMJ, 10 U.S.C. §§ 881, 892, and sentenced to a dishonorable discharge, confinement at hard labor for 5 years and reduction to pay grade E-1. A substitute convening authority approved the sentence but suspended the confinement in excess of 18 months in accordance with a pretrial agreement.

Appellate defense counsel assigns a single error:

APPELLANT IMPROVIDENCED HIS PLEA OF GUILTY TO SPECIFICATION 1 OF CHARGE II WHEN HE INDICATED HE WAS ONLY AN AGENT FOR THE TWO GIRLS WHO USED THE HEROIN AND NOT A SELLER (R. 62), REQUIRING THE MILITARY JUDGE TO MAKE FURTHER INQUIRY INTO APPELLANT'S PLEAS OR SET IT ASIDE AND ENTER A NOT GUILTY PLEA FOR HIM. Article 45, UCMJ; *United States v. Logan,* 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973).

Several errors discussed in the staff judge advocate's review and military trial defense counsel's response, which present the issue of whether the military judge improperly restricted appellant's exercise of his right to offer matter in mitigation, also warrant discussion.

I

Testifying under oath in extenuation and mitigation concerning the sale of heroin, appellant stated that he was approached by two enlisted women who said they wanted some heroin, that he was given money by them, purchased heroin for them, and used it with them. He did not realize a monetary profit from the transaction but "sold them heroin in return for use of some of the heroin." (R. 61–62, 64–65).

 Article 45, UCMJ, requires rejection of a plea of guilty if the accused later sets up matters truly inconsistent with his plea. *United States v. Logan, supra.* The issue presented is whether appellant's testimony in extenuation and mitigation reasonably raised the question of a defense of procuring agent. *See United States v. Timmins,* 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1976). One who acts in a given transaction solely as a procuring agent for a person is

not a seller to that person. *United States v. Fruscella,* 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971). In *Fruscella* the Court of Military Appeals noted that a defendant who procured narcotics at an informer's request from a seller, at no profit, was merely a messenger and could not be convicted of selling narcotics.

■■■ The procuring agent defense is based on the theory that if the accused, in procuring drugs and delivering them to the recipient, acted solely as the agent of the recipient and in no other capacity, then the delivery was a transfer by an agent to his principal and not a sale. *United States v. Holladay,* 47 C.M.R. 22 (N.C.M.R.1973). Where there is evidence that a procurer plays other roles he is not deemed to have acted solely as an agent for the purchaser and may be held liable as a seller. *See United States v. Suter,* 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972). Thus the defense is not available to an accused unless he acted solely as the agent for the purchaser and in no other capacity. The defense is not available to a procurer who profits from the transaction because, inasmuch as he derives a profit, he is acting for his own benefit and not the sole benefit of the purchaser.

■■■ In this case appellant's testimony did not reasonably raise the question of a procuring agent defense inconsistent with his plea of guilty to sale of heroin because he admitted that he profited from the transaction. Although he did not realize a monetary profit, appellant's recompense for his efforts in procuring heroin for the purchasers was a portion of the heroin for his personal use. As he did not act solely for the purchasers but also acted to benefit himself, he is not entitled to the defense of procuring agent. The assignment of error lacks merit.

## II

While testifying under oath in extenuation and mitigation, appellant was questioned by his civilian defense counsel about the ownership of the amphetamine and stated that he could not answer the question. In response to a member's question propounded by the military judge which sought clarification of that response, appellant indicated that he knew the owner of the amphetamine but refused to answer the question on other grounds. He had not talked to the authorities about the identity of the owner but had discussed talking to them in the future with his lawyer. Defense counsel requested a side bar conference and indicated that appellant would testify concerning his willingness to identify his amphetamine supplier if the judge excluded spectators from the courtroom. The military judge opined that the previous testimony of appellant was sufficient to convey to the members that he would cooperate with the authorities after trial and ruled that appellant's fear for his safety did not justify excluding all or any one spectator. After the side bar conference terminated, appellant testified in open court in response to questions by defense counsel that he did not want to reveal the identity of the supplier because he was afraid.

Civilian defense counsel did not refer to the subject of appellant's cooperation with the authorities or his fear concerning revelation of the identity of the amphetamine supplier, in his argument on sentence. He did not object to the judge's failure to mention these matters specifically in his instructions on sentence concerning consideration of extenuation and mitigation. *Cf. United States v. Wheeler,* 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967); *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975). The judge had arbitrarily limited defense argument to 15 minutes although civilian counsel had requested 30 minutes. *Cf.* MCM, 1969 (Rev.), par. 72*b*.

About 25 minutes after the members commenced their deliberations on sentence, they requested that questions of two members, as to whether appellant had or intended to cooperate with law enforcement agencies and disclose the source of his drugs, be answered. Civilian defense counsel, who indicated that he was unfamiliar with military procedures, requested that either the members be informed that appellant had testified he would cooperate or his perti-

nent testimony be read back. The judge refused to reopen the case and permit the questions to be answered or the testimony to be read back. He instructed the members that the questions pertained to evidentiary matters that either were or should have been brought out during the case and that the members must arrive at a sentence based on their recollection of what had transpired. *Cf. United States v. Kennedy,* 8 U.S.C.M.A. 251, 24 C.M.R. 61 (1957); *United States v. Eason,* 49 C.M.R. 844 (N.C.M.R.1974).

 The right of an accused to a public trial is a fundamental right which has long been recognized as a part of military due process. *United States v. Michaud,* 48 C.M.R. 379 (N.C.M.R.1973); *See United States v. Brown,* 7 U.S.C.M.A. 251, 22 C.M.R. 41 (1956). MCM, 1969 (Rev.), par. 53 *e* provides:

As a general rule, the public shall be permitted to attend open sessions of courts-martial. Unless otherwise limited by directives of the Secretary of a Department, the convening authority, the military judge, or the president of a special court-martial without a military judge may, for security or other good reasons, direct that the public or certain portions thereof be excluded from a trial. However, all spectators may be excluded from an entire trial, over the accused's objection, only to prevent the disclosure of classified information. The authority to exclude should be cautiously exercised, and the right of the accused to a trial completely open to the public must be weighed against the public policy considerations justifying exclusion. In most instances, it is proper to exclude only those persons falling within a limited category for which good reasons exist for exclusion. For example, it would be proper to exclude minors when the evidence is likely to involve scandalous or indecent matter which would have an adverse effect on immature minds, to exclude those persons that would cause an overcrowded courtroom or displace those with a special concern in the trial, and to exclude any person who interferes with the administration of justice. Further, it would be proper to exclude all spectators temporarily when a child witness cannot coherently testify before an audience.

Persons other than the accused have no standing to object to the exclusion of spectators. . . .

*See also* JAGMAN sec. 0115b. However, in the absence of objection by the accused, closing the court during one brief part of the testimony of a single witness does not constitute prejudicial error. *United States v. Henderson,* 11 U.S.C.M.A. 556, 29 C.M.R. 372 (1960). A judge may close the court with the consent of the defendant. *United States v. Zimmerman,* 19 C.M.R. 806 (A.F. B.R.1955).

 Under the peculiar circumstances of this case we find that, by refusing to exercise his discretion to exclude all or some of the spectators during a brief portion of appellant's testimony, the military judge unreasonably restricted the right of appellant to present matter in mitigation. *See* MCM, 1969 (Rev.), par. 75c. *Cf. Moyer, Justice and the Military,* § 2-658 at pp. 554, 555. Appellant offered to testify out of the presence of spectators that he was willing to cooperate with the authorities and identify the source of the amphetamine he sold. It may be inferred that he was intimidated by the presence of his coconspirator in the courtroom as a spectator. The judge abused his discretion under MCM, par. 53e by failing to order the removal of a spectator whose presence interfered with the administration of justice when requested to do so by defense counsel. In view of their subsequent questions, the members did not draw the inference from appellant's testimony that he was willing to cooperate with the authorities in the future. Appellant's testimony that he was presently afraid to cooperate did not adequately convey his alleged willingness to disclose immediately the identity of his supplier out of the hearing of spectators and cooperate in the future. Therefore, denial to appellant of the opportunity to testify in mitigation out of the presence of all or some of the spectators

as to his willingness to cooperate with the authorities in the future, and, in view of the continuing interest of the court members in the subject, to reopen the case was error. *Cf. United States v. Kennedy* and *United States v. Eason,* both *supra.*

 An error affecting sentence is prejudicial only if the court members were influenced to impose a sentence more severe than they otherwise would have. *See United States v. Smith,* 22 U.S.C.M.A. 342, 46 C.M.R. 342 (1973). We find a fair risk of prejudice under the circumstances of this case. Prejudice may be eliminated by reassessment and reduction of the sentence to a punishment no more severe than the court would have imposed in the absence of error.

Accordingly, the findings of guilty as approved on review below and so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for 18 months, and reduction to pay grade E–1 are affirmed.

Senior Judge NEWTON and Judge CRANDELL concur.