UNITED STATES, Appellee,

v.

Private First Class Dexter COLLIER, SSN 421–80–8587, United States Army, Appellant.

CM 435900.

U. S. Army Court of Military Review.

29 July 1977.

Lieutenant Colonel John R. Thornock, JAGC, Captain Demmon F. Canner, JAGC, and Captain Joseph W. Moore, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, Captain Gary F. Thorne, JAGC, and Lieutenant Colonel Paul R. Walsh, USAR, were on the pleadings for appellee.

Before CLAUSEN, C. J., and CLAUSE, Senior Judge, and COSTELLO, J.

## OPINION OF THE COURT

COSTELLO, Judge:

Appellant was convicted of attempted transfer of heroin in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 and of transfer and use of heroin in violation of Article 134, UCMJ, 10 U.S.C. § 934. He entered pleas of guilty pursuant to a pretrial agreement which recited that the maximum confinement he faced was at least 20 years and which contained the convening authority's promise to approve no confinement in excess of four years. Twenty years was also the figure used by the trial judge during his providence inquiry.

■ The Government concedes and we agree that the maximum confinement was overstated by all parties. It should have been four years. *United States v. Courtney*, 1 M.J. 438 (1976). *Courtney* decided that drug offenses equally chargeable under two statutes had to be brought under that one which involved the lesser maximum punishment; otherwise, the possibility of arbitrary choices in individual cases raised a risk of denial of equal protection of the law. Appellant was charged on 30 December 1976, six months after the promulgation of *Courtney* and two weeks before the exercise of choices was precluded by policy announcements from Headquarters,

Department of Army.[1] He was tried after the date of *Courtney,* so the rule of that case is applicable. *United States v. Jackson,* 3 M.J. 101 (C.M.A. 1977). In these circumstances the misapprehension of the maximum sentence was substantial and the appellant may plead again. *United States v. Harden,* 1 M.J. 258 (C.M.A. 1976).

■ Before authorizing a rehearing, however, we are constrained to note that appellant's plea to the attempt charge was not provident for yet another reason. The charge stated that he did ". . . attempt to wrongfully transfer two balloons of a habit forming narcotic drug, to wit: heroin." The trial judge's inquiry was as follows:

"MJ: All right. Just tell me what happened in your own words. You don't have to be legalistic at all, just tell me.

ACCUSED: I sold him brown sugar.

MJ: Who? In other words, you sold who brown sugar?

ACCUSED: The CID agent.

MJ: You sold the CID agent brown sugar. Well, did you tell him it was sugar? Did you tell him, "I'm selling you sugar?"

ACCUSED: No. No, sir.

MJ: What did you tell him you were selling him?

ACCUSED: I told him it was heroin.

MJ: Heroin?

ACCUSED: Yes, sir.

MJ: So, you did transfer brown sugar to a CID agent, is that correct?

ACCUSED: Yes, sir.

Thereafter, the plea was accepted and findings of guilty entered.

After findings, accused and his counsel engaged in the following unsworn colloquy in front of the panel assembled for proceedings on the sentence:

"Q Now, could you explain a little bit about how you go into making this attempt to transfer on the 21st? You stated that you transferred brown sugar. Where did you get it from?

A The mess hall.

Q And who got it?

A Pfc. Howard.

Q Now, how did you first hear about the individual who was interested in purchasing heroin from you?

A Pfc. Howard came to me and indicated that DJ wanted to buy some heroin.

Q And who was DJ?

A The CID agent.

Q Did you know at the time?

A No.

Q And so you got the brown sugar and sold it to him?

A Yes."

To constitute a punishable attempt, the accused's act must have been "done with specific intent to commit an offense under this chapter . . .." Article 80(a), UCMJ, 10 U.S.C. § 880(a); paragraph 159a, MCM, 1969 (Rev.); *United States v. Dominguez,* 7 U.S.C.M.A. 485, 22 C.M.R. 275 (1957). In drug offenses "the *sine qua non* of a criminal attempt . . . is the accused's *belief* that the conduct in which he is engaged either constitutes or tends to constitute the substantive crime attempted." *United States v. Giles,* 42 C.M.R. 960, 964 (A.F.B.R. 1970).

The military judge's inquiry did not establish what substance appellant thought he was dealing with at the time of the sale. Similarly, the testimony in extenuation and mitigation, though showing that the substance came from the messhall, leaves open the possibility that Howard, the informant, deluded appellant. Nonetheless, we find that the appellant's statement during the *Care*[2] inquiry "I sold him brown sugar," reasonably raised an absolute defense to the charge of attempted transfer of heroin. *See Giles, supra.* In our military practice, a plea of guilty must be in accordance with

1. HQDA MSG. DAPE–HRL, Subj: Interim Change to AR 600–50, dtd 15 January 1977.

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

the facts. *United States v. Moglia*, 3 M.J. 216 (C.M.A. 1977). The possibility of this factual defense imposed a duty on the trial judge "to make more searching inquiry to determine the accused's position on the apparent inconsistency with his plea of guilty." *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973); *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249, 253 (1972).

The testimony during the sentencing proceedings was even stronger in its suggestions of the absence of a necessary criminal element of this offense. Such testimony may be considered at this level to aid in reviewing trial level determinations of providence. *United States v. Martinez*, 3 M.J. 600 (C.M.A. 1977). These misgivings about the purport of appellant's testimony on the record are well founded; the informant testified at the pretrial investigation that appellant had sent him to the messhall for the sugar. That testimony, though summarized is available to us. *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (C.M.A.1976). *See United States v. Johnson*, 49 C.M.R. 467, *affirmed* 23 U.S.C.M.A. 416, 50 C.M.R. 321, 1 M.J. 36 (1975).

Accordingly, the findings of guilty and the sentence are set aside. A rehearing is authorized.

Chief Judge CLAUSEN and Senior Judge CLAUSE concur.