### UNITED STATES

v.

**Stephen H. PETTERSEN, 116 54 9111, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 82 4727.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 March 1982.

Decided 28 March 1983.

---

LCDR Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LCDR R. Clayton Seaman, Jr., JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C.J., and GORMLEY and MIELCZARSKI, JJ.

MIELCZARSKI, Judge:

Appellant entered mixed pleas to four specifications alleging violations of Article 92, 10 U.S.C. § 892, Uniform Code of Military Justice, at a special court-martial bench trial. He pled not guilty to sale of marijuana on 17 November 1981, but guilty to possession and transfer of marijuana on that date and guilty to possession of marijuana on 24 November 1981. He was found guilty of all specifications and the Charge, and was sentenced to confinement at hard labor for 5 months, forfeiture of $367.00 pay per month for 6 months, reduction to pay grade E–1, and a bad conduct discharge. The convening authority approved the sentence, but ordered administrative credit for nine days of illegal pretrial confinement. The supervisory authority approved the sentence without further modification.

Appellant assigns the following errors:

## I

THE EVIDENCE WAS INSUFFICIENT TO PROVE APPELLANT'S GUILT OF SPECIFICATION 1, SALE OF MARIJUANA, SINCE THE DEFENSE OF AGENCY WAS RAISED AND NEVER DISPELLED BEYOND A REASONABLE DOUBT.

## II

THE APPROVED SENTENCE TO A BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.

We find no prejudice and affirm.

The pertinent facts were established by stipulation of fact, stipulated testimony and testimony of appellant. The appellant was friends with a Private First Class (PFC) Lee and a Lance Corporal (LCPL) Milanski. The latter was in the process of becoming appellant's barracks roommate aboard the Marine Corps Air Station (Helicopter), New River, North Carolina, although appellant had been equally friendly with both individuals for the past year. PFC Lee asked appellant if he could get Lee some marijuana, and appellant replied that he would see what he could do. A few days later, on 17 November 1981, appellant had obtained an estimated half ounce of marijuana from LCPL Milanski.

When appellant attempted delivery of the marijuana to PFC Lee, the latter introduced appellant to a Sergeant Johnson. Prior to the introduction, appellant did not know Sergeant Johnson who was in fact an undercover informer for the Naval Investigative Service. PFC Lee requested that appellant transfer the marijuana to Sergeant Johnson as a favor to Lee. Appellant and Johnson went into the men's head of the Air Station library where Johnson gave $20.00 in exchange for the marijuana, which appellant volunteered was "real

good." After departing the library, Sergeant Johnson delivered the marijuana to Special Agent Smalls of the Naval Investigative Service. The appellant in turn delivered the $20.00 to LCPL Milanski.

The appellant admitted that prior to obtaining the half ounce of marijuana from LCPL Milanski he had no other marijuana in his possession. The amount of marijuana obtained from LCPL Milanski was an educated estimate on his part. Subsequent laboratory analysis established that the quantity of marijuana transferred to Sergeant Johnson was 10.5 grams, or 3.5 grams less than half an ounce. Seven days later a search of his barracks locker revealed appellant to be in possession of two grams of marijuana. Appellant denied that the two grams were part of the half ounce obtained from LCPL Milanski but offered no explanation of how he obtained it.

Trial defense counsel argued that the facts established the defense of agency as to the specification alleging sale. The prosecution, on the other hand, argued that agency was not established, since there was circumstantial evidence that appellant had participated in the fruits of the sale by diverting a portion of the marijuana to his personal benefit. In addition the prosecution argued that the facts did not establish an agency relationship between appellant and Sergeant Johnson. The defense made no request for special findings with respect to its theory of defense as permitted under paragraph 74*i, Manual for Courts-Martial, 1969 (Rev.)*, and the military judge elected to announce only general findings of guilty.

■ It is well established that one who acts solely as a procuring agent for drugs for another is not guilty of a sale of those drugs to the person for whom they were procured. *United States v. Steinruck,* 11 M.J. 322 (C.M.A.1981); *United States v. Fruscella,* 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971). The rule is premised on the theory that if the accused, in procuring drugs and delivering them to the recipient, acted solely as the agent of the recipient and in no other capacity, then the delivery was a transfer by an agent to his principal and

not a sale. *United States v. Whitehead,* 48 C.M.R. 344 (N.C.M.R.1973); *United States v. Holladay,* 47 C.M.R. 22 (N.C.M.R.1973).

■ Where there is evidence that a procurer plays other roles, he is not deemed to have acted solely as an agent of the purchaser and may be held liable as a seller. *United States v. Suter,* 21 U.S.C.M.A. 510, 45 C.M.R. 284 (1972). The agency defense, therefore, is not available to a procurer who profits from the transaction, because in deriving a profit, he is acting for his own benefit and not the sole benefit of the purchaser. *United States v. Martinez,* 3 M.J. 600 (N.C.M.R.1977); *United States v. Simmons,* 2 M.J. 758 (A.F.C.M.R.1977). In *Martinez,* a sharing in the drug procured was a sufficient benefit to defeat the procuring agent defense.

■ The evidence in this case is consistent with a finding by the military judge that appellant diverted a portion of the half ounce of marijuana to his own use and benefit as his recompense for procuring the substance. The military judge was not required to believe appellant's denial that the marijuana found in appellant's locker was not part of the original amount obtained from LCPL Milanski. Appellant had admitted he possessed no marijuana before he obtained the half ounce from LCPL Milanski, he professed to know the quality of the particular portion of marijuana delivered to Sergeant Johnson when he volunteered it was "real good," and if allowance is made for some use, the 2 grams found in his possession only a few days after delivery of the 10.5 grams to Sergeant Johnson fit like a missing puzzle piece to make up the half ounce or 14 grams admittedly obtained from LCPL Milanski. These facts are sufficient to negate appellant's assertion of the procuring agent defense, since he would not have been acting solely for the benefit of his principal. *Martinez, supra.*

■ But the military judge had another valid basis to reject appellant's assertion that he was merely a procuring agent for Sergeant Johnson. The uncontroverted evidence established that appellant procured

the marijuana for PFC Lee and not for Sergeant Johnson. The record is devoid of evidence that Sergeant Johnson and appellant possessed any indicia of principal and agent prior to PFC Lee's direction to appellant to sell the marijuana to Johnson. Indeed, at the time appellant obtained the marijuana from LCPL Milanski, he did not even know Sergeant Johnson. It was PFC Lee who placed the order for the particular marijuana and it was to PFC Lee that appellant returned to effect delivery, after obtaining the goods on credit. At that point the marijuana obtained by his agent belonged to PFC Lee and it only remained for appellant to deliver the goods to his principal to accomplish the purpose of his agency. Payment to LCPL Milanski was due but could be accomplished by either principal or agent. When PFC Lee requested that appellant transfer the marijuana to Sergeant Johnson, he in effect authorized his agent to sell his goods to a third party. In complying with this instruction appellant became a selling agent for PFC Lee. Both PFC Lee and appellant obtained a personal benefit from this sale when appellant applied the proceeds to liquidate the outstanding debt to LCPL Milanski for which each remained responsible. *See generally* 3 Am. Jur.2d *Agency* §§ 311 and 317 (1962). We, therefore, reject appellant's assertion that both he and PFC Lee were procuring agents for Sergeant Johnson.

We are unconvinced by appellant's second assignment of error as we find the bad conduct discharge manifestly appropriate under the circumstances of this case.

Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge GORMLEY concur.