UNITED STATES, Appellee,

v.

Michael H. HENDERSON, Fireman
Recruit U.S. Navy, Appellant.

No. 47414.

NMCM 83 2325.

U.S. Court of Military Appeals.

May 20, 1985.

For Appellant: *Lieutenant John B. Con-sevage, JAGC, USNR* (argued); *Lieutenant Colonel M. W. Lucas,* USMC, and *Lieutenant Ann D. Carroll, JAGC, USNR* (on brief).

For Appellee: *Major J.S. Uberman,* USMC (argued); *Captain W. J. Hughes, JAGC, USN* (on brief).

## OPINION OF THE COURT

COX, Judge:

Appellant was tried by a special court-martial composed of a military judge alone at Naval Station, San Diego, California. In accordance with his pleas, he was found guilty of using marihuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Contrary to his pleas, he was found guilty of absence without leave for 33 days and attempted use of a controlled substance, in violation of Articles 86 and 80,[1] UCMJ, 10 U.S.C. §§ 886 and 880, respectively. On January 6, 1983, he was sentenced to a bad-conduct discharge, confinement at hard labor for 150 days, and forfeiture of $382.00 pay per month for 5 months. The convening and supervisory authorities[2] approved this sentence. The Court of Military Review affirmed.

---

1. Special Court-Martial Order No. 17–83 fails to reflect that the military judge found appellant guilty of a violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880, in connection with specification 3 of Charge II and that he redesignated that specification as being under an Additional Charge.

2. The action of the supervisory authority erroneously refers to mitigating action by the convening authority.

This Court granted review on the following specified issues: [3]

I

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY NOT ALLOWING THE DEFENSE TO CALL DR. LAWSON OR ANOTHER DOCTOR TO REBUT TESTIMONY THAT APPELLANT'S SYMPTOMS WERE EVIDENCE OF HIS TAKING LSD.

II

WHETHER, UNDER THE CIRCUMSTANCES, IT WAS PREJUDICIAL TO THE ACCUSED TO DENY HIM A CONTINUANCE TO OBTAIN A DOCTOR OR EXPERT WHO COULD TESTIFY AS TO THE NATURE OF THE CIRCUMSTANCES THAT WERE RECORDED ON PROSECUTION EXHIBIT 1.

III

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY TAKING JUDICIAL NOTICE OF THE FACT THAT LSD OFTEN COMES IN A FORM KNOWN AS BLOTTER ACID, WHICH IS PAPER OR PAPERLIKE SUBSTANCE, OFTEN WITH A DESIGN OF SOME SORT ON IT, AND LSD IN LIQUID FORM IS IMPREGNATED INTO THE PAPER.

Further consideration of this case in light of these issues leads us to conclude that they are without merit. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

Appellant was originally charged in this case with violating a general regulation by wrongfully using Lysergic Acid Diethylamide (LSD) in contravention of Article 92. Specification 3 of Charge II states:

In that Fireman Recruit Michael H. HENDERSON, U.S. Naval Reserve on active duty, Commander Submarine Squadron THREE, did on board USS SPERRY, at sea, on or about 18 May 1982, violate a lawful general regulation, to wit: Article 1151, U.S. Navy Regulations dated 26 February 1973, by wrongfully using a controlled substance, to wit: Lysergic Acid Diethylamide.

The military judge found appellant not guilty of this offense but guilty of a lesser-included offense. Article 79, UCMJ, 10 U.S.C. § 879. He stated:

Of Specification 3 of Charge II: GUILTY, except for the words and figures, "violate a lawful general regulation; to wit, Article 1151, U.S. Navy Regulations, dated 26 February 1973, by wrongfully using a controlled substance; to wit, lysergic acid diethylamide," and substituting therefor, the following words: "attempt to wrongfully use a controlled substance; to wit, lysergic acid diethylamide, the wrongful use of which would be a violation of Article 1151, U.S. Navy Regulations, dated 26 February 1973, by ingesting two pieces of paper, containing what he believed to be lysergic acid diethylamide"; of the excepted words and figures: NOT GUILTY; of the substituted words and figures: GUILTY.

Let me correct myself. That will be now a violation of Uniform Code of Military Justice, Article 80, vice a violation of the Uniform Code of Military Justice, Article 92. Accordingly, it will no longer be designated as Specification 3, but rather a single specification alleging violation of the UCMJ, Article 80, attempt.

Of Specification 4 of Charge II: GUILTY;

Of Charge II: GUILTY.

Let me clarify myself for all parties. The accused has been found guilty of Charge I and its Specification, of Charge II and Specification 4 thereunder and of an Additional Charge, which would be [a] violation of the Uniform Code of Military Justice, Article 80, and a Specification thereunder, reading in the terms that I

---

3. These specified issues do not pertain to the findings of guilty of unauthorized absence and the use of marihuana.

have already set forth by exceptions and substitutions to Specification 3 of Charge II.

Are there any questions with respect to my findings?

TC: No, sir.

DC: No, your Honor.

The three specified issues are exclusively concerned with matters of proof regarding the actual chemical nature of the substance consumed by appellant on May 18, 1982. *See generally United States v. White*, 9 M.J. 168 (C.M.A. 1980). The first issue addresses the decision of the trial judge not to permit defense counsel to recall Dr. John Lawson, a government witness, who earlier provided some opinion testimony as to the nature of the drug consumed. His opinion was based on his observation of appellant's physical symptoms on the night in question. It is clear from the record of trial that the defense wanted Dr. Lawson to testify that appellant's physical symptoms were "compatible not only for LSD—being under the influence of LSD, but under the influence of a number of psychotropic drugs and are compatible with physical conditions not associated with psychotropic drug consumption." The second issue concerns the military judge's ruling that he would not allow the defense a continuance to secure its own expert to express such an opinion on these symptoms. Finally, the Government as a matter of rebuttal had judicial notice taken of the paper form of LSD in light of appellant's testimony at trial that he ingested a substance in this form.

■ In this context, the specified issues are clearly moot. They pertain to matters of proof on the question of the chemical nature of the drug consumed by appellant on May 18, 1982. Yet, appellant was found not guilty of the charged offense which required proof on this question. *See generally* Article 92; Article 1151, U.S. Navy Regulations (1973). Instead, the trial judge found appellant guilty of the lesser-included offense of attempted use of a controlled substance by using a substance appellant believed was LSD. *See United States v. Foster*, 14 M.J. 246 (C.M.A. 1982); *United States v. Dominguez*, 7 U.S.C.M.A. 485, 22 C.M.R. 275 (1957). A finding of guilty to this offense is not at all dependent on proof of the true nature of the substance consumed. Instead, it is dependent on proof that, among other things, appellant believed the substance he consumed was LSD. *See United States v. Dominguez, supra* at 487, 22 C.M.R. at 277.

■ Turning to the record of trial, we note that proof of the attempt offense is found in a pretrial statement of appellant made during a medical diagnosis (*see* Mil.R. Evid. 803(4)) which was noted in his health record (*see* Mil.R.Evid. 803(6)). *See generally* Mil.R.Evid. 304(g) and 805; S.Saltzburg, L.Schinasi, D.Schlueter, *Military Rules of Evidence Manual* 385 (1981). Furthermore, appellant also stated on cross-examination at trial that he believed the substance he ingested was LSD because of his conversations with two other persons involved with it. Since the specified issues have not been shown to have any bearing on this evidence or the requirements of proof for this finding of guilty, any error involved was harmless under Article 59(a).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.