**UNITED STATES, Appellee,**

v.

**Staff Sergeant Edmond W. TUCK, 461–19–1769, United States Army, Appellant.**

**ACMR 8800969.**

U.S. Army Court of Military Review.

28 Feb. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Alan M. Boyd, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto,

JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

HOLDAWAY, Chief Judge:

The appellant was convicted, pursuant to his pleas, of conspiracy to distribute lysergic acid diethylamide, distribution of methamphetamine, use of methamphetamine, and dereliction of duty. He was sentenced by the military judge to a bad-conduct discharge, confinement for 15 months, forfeiture of $400.00 per month for 15 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

■ One error raised by the appellant merits discussion. The conspiracy involved one coconspirator. During the providence inquiry it was disclosed that the conspiracy took place in the mental ward of a hospital; the alleged coconspirator was described variously as "a nut" and a "professional mental case." Appellant now argues that "for a conspiracy to exist, at least two parties must be culpably involved." He cites *United States v. Duffy*, 47 C.M.R. 658 (A.C.M.R.1973), for this proposition. If the appellant's view of the law is correct and the sole coconspirator did not have the mental capacity to commit a crime, he would not be culpable, *ergo* there could not be a conspiracy because there is only one culpable party, the appellant himself. Of course, appellant frames this issue in the context of the providentness of the plea. To prevail on that theory, again given his view of the law, he need not show that the coconspirator was in fact legally insane but only that there was sufficient evidence of insanity to trigger an inquiry to determine whether the putative insanity would have provided a possible defense for appellant. If there was a credible defense the plea would, of course, have been improvident. That is "black-letter" military law. *See, e.g., United States v. Lee*, 16 M.J. 278 (C.M.A.1983).

■ Unfortunately, for the appellant, his interesting and well-constructed syllogism is based on an outdated view of the law. In *United States v. Garcia*, 16 M.J. 52 (C.M.A.1983), the Court of Military Appeals rejected the "bilateral" concept of conspiracy espoused in *Duffy* in favor of the "unilateral" theory advanced in the Model Penal Code. (*See* Section 5.04 of the Model Penal Code and cases cited thereunder, *e.g., Garcia v. State*, 271 Ind. 510, 394 N.E.2d 106 (1979)). Under this theory, conspiracy is defined only in terms of the conduct of the individual on trial; the conduct of the group, as in the older cases, is no longer controlling. Obviously, there still must be more than one person involved. However, the culpability of the other alleged conspirators is of no consequence. Applying that concept to this case, the possible mental incapacity of the coconspirator is of no legal relevance to the accused's culpability. The plea of guilty therefore was provident.

We have considered the other matters asserted in appellant's brief. We find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge CARMICHAEL concurs.

Senior Judge THORNOCK took no part in the decision of this case.