UNITED STATES, Appellant

v.

Charles L. ANZALONE, Corporal
U.S. Marine Corps, Appellee.

No. 94–5009.
CMR No. 91 3214.

U.S. Court of Appeals for
the Armed Forces.

Argued May 16, 1995.

Decided Sept. 29, 1995.

For the Accused: *Major R.K. Stutzel,* USMC (argued).

For the United States: *Lieutenant John R. Livingston,* JAGC, USN (argued); *Lieutenant David K. Herlihy,* JAGC, USN, *Colonel J. Composto,* USMC, *Commander S.A. Stallings,* JAGC, USN (on brief).

*Opinion*

CRAWFORD, Judge:

1. The accused was convicted by a military judge of attempted conspiracy to commit espionage, attempted violation of a general order, disobedience of a general order (4 specifications), attempted espionage (2 specifications), wrongful use of marijuana, wrongful possession of marijuana, adultery, as well as violating federal laws relating to defense information (4 specifications) and to mailing prohibited matters, in violation of Articles 80, 92, 106a, 112a, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 892, 906a, 912a, and 934, respectively. The convening authority approved the sentence of a dishonorable discharge, 15 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. The Court of Military Review[1] affirmed the findings (except for those as to

1. *See* 41 MJ 213, 229 n. * (1994).

the attempted conspiracy to commit espionage) and the sentence. 40 MJ 658, 666 (1994).

2. The following issue was certified by the Judge Advocate General:

DID THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERR IN HOLDING THAT AN AGREEMENT BETWEEN A SERVICE–MEMBER AND AN UNDERCOVER GOVERNMENT AGENT TO COMMIT AN OFFENSE UNDER THE UCMJ DOES NOT CONSTITUTE THE OFFENSE OF ATTEMPTED CONSPIRACY UNDER UCMJ, ARTICLE 80?

We hold that the UCMJ does not prohibit a charge of attempted conspiracy where there is a purported agreement between a service-member and an undercover government agent to commit an offense. Additionally, we hold that the defense of factual impossibility does not preclude a charge of conspiracy when the other purported conspirator is an undercover government agent.

## FACTS

Appellant was a corporal assigned to Marine Wing Support Squadron 371 located at Marine Corps Air Station (MCAS), Yuma, Arizona. During mid-November 1990, appellant twice telephoned the Embassy of the Soviet Union. The Naval Investigative Service learned of the calls and initiated contact with appellant to determine if he posed a risk to national security. An FBI agent approached appellant posing as a Soviet intelligence officer named Mikhail (Mike) and a relationship between the two developed that resulted in most of the charges currently before this Court. As a result of telephone calls and an actual meeting between the two, the appellant gathered and transmitted to the undercover agent national defense information, which included, among other things, the procedures and operations of the Weapons/Ordnance Area guard, the characteristics and appearance of the identification badge needed to gain access to the Yuma flight line, which was a restricted area, and two communications/cryptographic manuals restricted "For Official Use Only."

40 MJ at 660.

## DISCUSSION

3. The answer to the certified issue depends upon the following: a determination of what constitutes criminal conduct, the purposes underlying our system of criminal law, and an analysis of our case law.

### Essence of Criminal Conduct

4. Generally, criminal conduct consists of an *actus reus* and *mens rea*. *United States v. Langley*, 33 MJ 278, 282 (CMA 1991); *United States v. Brown*, 19 MJ 63, 64 (CMA 1984); *United States v. Kastner*, 17 MJ 11, 13 (CMA 1983). We will examine the conduct surrounding the *actus reus* and *mens rea*. In some instances, the *actus reus* is incomplete because something needs to be done. In that instance it is called an inchoate crime, such as a solicitation, an attempt, or a conspiracy.

5. If an accused solicits or advises X to turn over classified information to a Soviet intelligence officer, that accused has committed the crime of *solicitation*.[2] If X acts upon the solicitation to obtain classified documents to turn over to a Soviet intelligence agent

---

**2.** Article 82, Uniform Code of Military Justice, 10 USC § 882, provides:

(a) Any person subject to this chapter who solicits or advises another or others to desert in violation of section 885 of this title (article 85) or mutiny in violation of section 894 of this title (article 94) shall, if the offense solicited or advised is attempted or committed, be punished with the punishment provided for the commission of the offense, but, if the offense solicited or advised is not committed or attempted, he shall be punished as a court-martial may direct.

(b) Any person subject to this chapter who solicits or advises another or others to commit an act of misbehavior before the enemy in violation of section 899 of this title (article 99) or sedition in violation of section 894 of this title (article 94) shall, if the offense solicited or advised is committed, be punished with the punishment provided for the commission of the offense, but, if the offense solicited or advised is not committed, he shall be punished as a court-martial may direct.

*See also* ¶ 105, Part IV, Manual for Courts–Martial, United States, 1984.

and unlawfully enters a building to obtain those documents but is unsuccessful, he has committed the crime of *attempted espionage*.[3] If an accused enters into an agreement with X and commits an overt act to turn over classified information to the Soviets, but X does not obtain or attempt to obtain the documents, the accused has committed the crime of *conspiracy*.[4] If an accused agrees with X to turn over certain classified information to the Soviets and the act is carried out, that accused has committed the crimes of espionage and conspiracy.

## Question of *actus reus* and dangerousness

6. The conspiracy statute may be examined from the point of view of the *actus reus*, the agreement, which is the heart of a conspiracy. A determination of what is criminal conduct may take into consideration the question of social harm to be prevented. Here the focus on dangerousness is on the accused and what he might do to implement his conspiracy, thinking he has the support of a second person. If one examines the *actus reus* as a question of dangerousness through the FBI agent's point of view, the result is different. The FBI agent is not going to act in furtherance of the conspiracy; however, the accused, feeling he has cognitive support for the conspiracy, may very well act in furtherance of the conspiracy. Thus, here there are more than just evil thoughts. These are deeds being carried out by an accused which may result in harm to other individuals just in obtaining the classified information.

## Question of *mens rea*—intent

7. If the accused's conduct is viewed from the point of view of his *mens rea*, his intent is the same whether the third party is an FBI agent or a feigned conspirator.

**3.** Article 80(a), UCMJ, 10 USC § 880(a), provides:

An act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense.

**4.** Article 81, UCMJ, 10 USC § 881, provides:

Any person subject to this chapter who conspires with any other person to commit an offense under this chapter shall, if one or more

## Reliance on Prior Cases

8. The Court of Military Review asserted:

It [the specification in issue] is charged as an attempt because, in military law, for a conspiracy to exist two or more people must participate, *United States v. Kidd,* 13 [US]CMA 184, 32 CMR 184 (1962),[5] and the other "conspirator" may not be a government agent since such agent is not in fact agreeing to commit the offense. *See United States v. LaBossiere,* 13 [US]CMA 337, 32 CMR 337 (1962).

40 MJ at 662 (citations omitted). In summary:

An attempt is an effort to commit the substantive crime, amounting to more than mere preparation or planning for it, which, *if not prevented,* would have resulted in the full consummation[6] of the act attempted, but which, in fact does not bring to pass the party's ultimate design. Viewing such offenses *in this light,* an offense alleging an attempted conspiracy cannot stand.

*Id.* at 665 (emphasis added).

9. The reliance on *Kidd* and *LaBossiere* is misplaced. In *LaBossiere,* this Court, in determining admissibility of the hearsay statement, avowed:

And it is well settled that there can be no conspiracy when a supposed participant merely feigns acquiescence with another's criminal proposal in order to secure his detection and apprehension by proper authorities.

13 USCMA at 340, 32 CMR at 340.

## Adoption of Unilateral Approach

10. Traditionally conspiracy has been viewed as a bilateral relationship involving

of the conspirators does an act to effect the object of the conspiracy, be punished as a court-martial may direct.

**5.** The proper citation form set out in 28 MJ 132–33 and note * should be used.

**6.** Article 80(c), UCMJ, 10 USC § 880(c), provides:

Any person subject to this chapter may be convicted of an attempt to commit an offense although it appears on the trial that the offense was consummated.

two or more persons. Thus, consistency requires a conviction of two or more people for the conspiracy. Under a unilateral approach, the focus is on the given actor, rather than a group. The rule of consistency announced in *Kidd* was limited by this Court in *United States v. Garcia*, 16 MJ 52 (CMA 1983); *see also United States v. Tuck*, 28 MJ 520, 521 (ACMR 1989).

11. In *Garcia* we adopted the American Law Institute's Model Penal Code "Unilateral Approach" to conspiracy. Under this approach each individual's culpability is not dependent on other actors. Section 5.04 of the Model Penal Code states:

[I]t is immaterial to the liability of a person who ... conspires with another to commit a crime that:

* * *

(b) the person ... with whom he conspires is irresponsible or has an immunity to prosecution or conviction for the commission of the crime.

16 MJ at 54.

12. This view comports with the Manual provision on factual impossibility. Para. 4c(3), Part IV, Manual for Courts–Martial, United States, 1984, provides:

*Factual impossibility.* A person who purposely engages in conduct which would constitute the offense if the attendant circumstances were as that person believed them to be is guilty of an attempt.

13. The gravamen of the offense is the agreement with another to commit a criminal act, even though there is an impossibility because the individual whom the accused believes is part of the conspiracy is actually a government agent. If not for our prior decisions, the accused could have been charged with conspiracy under Article 81. Certainly he is "[a]ny person subject" to the Code "who conspire[d] with another." The purpose of this was to "commit an offense," that is, unlawfully transferring information to the co-conspirator—in this case the government

agent. The accused performed certain overt acts to effect the object of the conspiracy which included giving to the co-conspirator descriptions of identification badges, and various books involving operations and procedures as to U.S. weapons and ordnance on the flight line.

### Factual Impossibility

■ 14. In the past this Court has held that factual impossibility does not preclude a conviction of attempt. In *United States v. Thomas*, 13 USCMA 278, 32 CMR 278 (1962), this Court upheld a conviction of attempted rape even though, unknown to Thomas, the woman was dead at the time of the intercourse. Likewise, in *United States v. Longtin*, 7 MJ 784 (ACMR), *pet. denied*, 7 MJ 392 (1979), the accused was convicted of attempted sale of opium because he believed that is what it was even though there was no proof that it was opium. In *United States v. Church*, 32 MJ 70, *cert. denied*, 501 U.S. 1231, 111 S.Ct. 2853, 115 L.Ed.2d 1021 (1991), this Court upheld an attempted-premeditated-murder conviction even though the person hired by the defendant to kill his wife was an undercover agent.[7]

### Conclusion

■ 15. Our rules should not be so rigidly drawn that prosecutors are placed in a dilemma in determining what offense should be charged. Apart from the question of preventing crime, the accused's conduct should be held to be a conspiracy regardless of the fortuity of involvement of an undercover agent rather than a Soviet agent. In his own mind the accused thought there was an agreement between himself and the undercover agent in terms of the potential dangerousness of his conduct and his mental attitude. There clearly was an offense. Thus, the rationale of *Garcia* is apropos to this case. As the Model Penal Code (¶ 11) indicates, "it is immaterial" that the FBI agent would be immune from prosecution.

16. The unilateral approach in *Garcia* is supported by the difference between Article

---

7. Footnote 1 in *Church* states that the maximum confinement for attempted murder is 20 years. 32 MJ 70. For offenses committed on or after July 6, 1991, the maximum confinement is now for life. Exec. Order No. 12767, §§ 3a and 4h, 56 Fed.Reg. 30284, 30296, 30300 (1991).

81, UCMJ, 10 USC § 881, and the Federal Conspiracy Statute, 18 USC § 371, which requires that "two or more persons conspire ... to commit any offense" rather than "[a]ny person."

17. Additional support for the unilateral approach is found in ordinary contract law. Contrary to other views, if two or more people declare their consent to enter into an agreement, the fact that one party [FBI agent] crosses his fingers does not negate the agreement in terms of civil contract law, see 17 Am Jur 2d, Contracts, § 28, and it should not negate a conspiracy in terms of criminal law. Thus, contract law enhances the unilateral approach.

The certified issue is answered in the affirmative.

The decision of the United States Navy–Marine Corps Court of Military Review is set aside as to the attempted conspiracy to commit espionage and the sentence. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further review thereof.

GIERKE, Judge, joined by COX, Judge (concurring in the result):

18. The lead opinion rests in part on the premise that in *United States v. Garcia*, 16 MJ 52, 54 (1983), this Court adopted the "Unilateral Approach" to conspiracy formulated in the Model Penal Code. ¶ 11. I disagree with this premise and join Judge Wiss in reading *Garcia* as holding only that acquittal of all co-conspirators does not require that a conspiracy conviction be set aside. *Garcia* does not hold that a conspiracy can be formed without a meeting of the minds.

19. Manual for Courts–Martial, United States, 1969 (Revised edition), contained the pre-*Garcia* provision that acquittal of all alleged co-conspirators precludes conviction. *See* para. 160 at 28–8. That provision was deleted in response to *Garcia*. *See* Drafters' Analysis of paragraph 5c, Part IV, Manual for Courts–Martial, United States, 1984, at A21–89 (1994 ed.). The requirement for an actual meeting of the minds was retained.

Para. 5c(2). The drafters had the opportunity to delete the requirement for an actual meeting of the minds but did not. Suffice it to say that I am not prepared to invalidate the existing description of conspiracy in the Manual without that issue being squarely briefed and argued, which it was not in this case.

20. I am satisfied, however, that what was charged and proved in this case is a crime, but I have doubts whether there is such a crime as attempted conspiracy. *See United States v. Yu–Leung*, 51 F.3d 1116 (2d Cir.1995) (attempted conspiracy is unknown to federal criminal law). I have concluded that what was actually alleged and proved in this case is a solicitation, mislabeled as an attempted conspiracy. *See* J. Dressler, *Understanding Criminal Law* § 28.01 at 368 (Matthew–Bender 1994 Reprint) ("Solicitation is an attempted conspiracy."); W. La-Fave and A. Scott, 2 *Substantive Criminal Law* § 6.1(b) at 6 (1986) ("Solicitation may, indeed, be thought of as an attempt to conspire.").

21. This Court has long held that misdesignation of the Article violated is not fatal, so long as the specification describes an offense and the accused is not misled. *See United States v. Ragan*, 14 USCMA 119, 123, 33 CMR 331, 335 (1963); *United States v. McCormick*, 12 USCMA 26, 28, 30 CMR 26, 28 (1960).

22. Attempts (¶ 4e, Part IV, 1984 Manual, *supra*) and conspiracies (¶ 5e, Part IV) carry the same punishment as the substantive offenses which are the objects of the attempts or conspiracies, except for those offenses punishable by death or confinement for life— ¶¶ 23–29e, 30a e, 34e(1), 38e(1), 45e(1), and 92e, Part IV. *See* ¶ 14 n. 7 of Judge Crawford's opinion. Solicitations under Article 134, Uniform Code of Military Justice, 10 USC § 934, are limited to 5 years' confinement, except for solicitation to commit espionage in violation of Article 106a, UCMJ, 10 USC § 906a, which carries confinement for life. *See* ¶ 105e, Part IV. In this case, the maximum punishment for "attempted conspiracy" to commit espionage is less than the punishment for solicitation to commit espio-

nage, so the accused could not have been misled by our construction of the specification, because the Government limited itself to the lesser punishment by treating the offense as an attempt.

23. In my view, the specification alleging an attempted conspiracy to commit espionage is sufficient to allege a solicitation to commit espionage under Article 134. Accordingly, I would answer the certified question as follows: The court below erred to the extent that it held that the accused's conduct was not an offense. I would affirm the conviction as a mislabeled solicitation to commit espionage.

SULLIVAN, Chief Judge (concurring in the result):

24. I cannot join the lead opinion. It over complicates and misapplies the law in its analysis. A plain reading of the applicable statutes furnishes the answer in this case. Nothing more is required.

25. Article 80, Uniform Code of Military Justice, 10 USC § 880, provides:

§ 880. Art. 80. Attempts

(a) An act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense.

(b) Any person subject to this chapter who attempts to commit any offense punishable by this chapter shall be punished as a court-martial may direct, unless otherwise specifically prescribed.

(c) Any person subject to this chapter may be convicted of an attempt to commit an offense although it appears on the trial that the offense was consummated.

Whether attempted conspiracy is prohibited by this statute depends on whether conspiracy is "an offense under this chapter." Article 81, UCMJ, 10 USC § 881, states:

§ 881. Art. 81. Conspiracy

Any person subject to this chapter who conspires with any other person to commit an offense under this chapter shall, if one or more of the conspirators does an act to effect the object of the conspiracy, be punished as a court-martial may direct.

Thus, the plain language of the statutes in question decides the certified issue.

26. Admittedly, this Court has suggested that there is no conspiracy where a supposed participant is a government agent who is seeking to detect and apprehend criminals. We said:

Nor can it be argued that there was any conspiratorial arrangement between Taylor and any of the other guards whom he contacted. Regardless of their seeming compliance with his wishes, each promptly reported Taylor's intentions to his superior and actually only pretended to fall in with the planned theft of Government property. And it is well settled that there can be no conspiracy when a supposed participant merely feigns acquiescence with another's criminal proposal in order to secure his detection and apprehension by proper authorities. *United States v. Cascio*, 16 CMR 799; *United States v. Siedentop*, 58 BR 191; *United States v. Line*, 1 BR 25; *Odneal v. State*, 117 Tex Crim 97, 34 SW2d 595 (1931); 1 Wharton, Criminal Law and Procedure, § 83 (1957).

*United States v. LaBossiere*, 13 USCMA 337, 340, 32 CMR 337, 340 (1962). However, the precedential force of such a holding was severely undermined in *United States v. Garcia*, 16 MJ 52, 54 (CMA 1983). *See also* ¶ 4(c)(3), Part IV, Manual for Courts–Martial, United States, 1984. In any event, I answer the certified question in the affirmative and vote to set aside the decision of the United States Navy–Marine Corps Court of Military Review as to the attempted conspiracy to commit espionage.

WISS, Judge (concurring in the result):

27. I agree with the majority's disposition of the certified issue—specifically, that the court below erred by holding that a perceived agreement between a servicemember and an undercover law enforcement agent to commit an offense under the Uniform Code of Military Justice does not constitute an attempted conspiracy within the meaning of Article 80, UCMJ, 10 USC § 880. It is fully consistent with the approach this Court has

followed in other contexts when an offense would have been completed *if* the circumstances actually had been as the accused had believed them to be. *See, e.g., United States v. Henderson,* 20 MJ 87 (CMA 1985) (accused who uses substance that he mistakenly believes is lysergic acid diethylamide (LSD) is guilty of attempted use of LSD). *Cf.* RCM 916(j), Manual for Courts–Martial, United States, 1984 (mistake-of-fact defense available whenever accused's acts would have been innocent if circumstances in fact had been as he had believed them to be). Here, the accused believed that Mikhail was a Soviet agent; and, had that perception been correct, the crime of conspiracy to commit espionage would have been completed. Instead, Mikhail was not a Soviet agent, so the accused was guilty of attempted espionage.

28. I disagree, however, with the lead opinion's casual and gratuitous (though indirect) attempt to overrule this Court's precedent that the accused's mistake as to the true status of Mikhail prevents him from being guilty of conspiracy. First, that question is not within the certified issue. Second, given the disposition of the certified issue, resolving that question is unnecessary to this appeal and, thus, is *dicta.*

29. Most importantly, the lead opinion is wrong, in my view. Conspiracy under Article 81, UCMJ, 10 USC § 881, requires an agreement, a meeting of the minds. *See* para. 5c(2), Part IV, Manual, *supra* ("The agreement in a conspiracy need not be in any particular form or manifested in any formal words. It is sufficient if the minds of the

parties arrive at a common understanding....."). In the factual context of an alleged co-conspirator being a play-acting, undercover government agent, there can be no such actual meeting of the minds as a matter of law—only a mistaken belief by an accused that there has been such a meeting.

30. From this perspective, the lead opinion's reliance on *United States v. Garcia,* 16 MJ 52 (CMA 1983), is misplaced. The case before us involves an accused who cannot be convicted of conspiracy because it was *legally impossible* to have reached an agreement to commit an offense. In contrast, the issue in *Garcia* asked whether an accused can be convicted where another jury in another case for whatever reason did not find beyond a reasonable doubt that *in fact there was* such an agreement. Those questions are substantially different, and so are their answers. Accordingly, notwithstanding the lead opinion's assertion, *Garcia* did not change the substantive law that a conspiracy in military jurisprudence requires a meeting of the minds.*

31. Like the person who incorrectly believes he has bought and used a contraband drug and thus is guilty of attempted use and not actual use, *see United States v. Henderson, supra,* this accused can be convicted only of an attempt to conspire, not conspiracy. In the words of Judge Crawford, ¶ 15, each person believes "[i]n his own mind" that what is not, is; each is mistaken; each, therefore, is guilty only of an attempt, not the offense that each "thought" he was committing.

---

* Judge Crawford claims that her reading of *Garcia* "is supported by the difference between Article 81 and the Federal Conspiracy Statute, 18 USC § 371, which requires that 'two or more persons conspire ... to commit any offense' rather than '[a]ny person.' " ¶ 16. This last-quoted phrase, from Article 81, is not long enough, however. More fully, Article 81 addresses "[a]ny person subject to this chapter *who conspires with any other person.* ..." (Emphasis added.) There may be a difference, but I confess I do not see it.