GIERKE, Judge
(concurring in the result):
For the reasons set out in my separate opinion in United States v. Anzalone, 43 MJ 322, 326 (1995), I do not believe that there is a crime of attempted conspiracy. Thus, I would hold that appellant’s plea of guilty to attempted conspiracy was improvident.
In Anzalone, I concluded that the allegation of attempted conspiracy was sufficient to allege a solicitation. In this case, the record is unclear whether PFC Bell solicited appellant to kill the non-existent in-laws or appellant solicited PFC Bell. The record clearly reflects, however, that appellant solicited PVT Armann, the “assassin,” to carry out the actual killing. Since the specification alleges that appellant conspired with both PFC Bell and PVT Armann, I believe that the specification is sufficient to allege that appellant solicited PVT Armann to murder the fictitious in-laws, in violation of Article 134, UCMJ, 10 USC § 934. Accordingly, I would affirm the conviction of attempted conspiracy to commit premeditated murder as a mislabeled solicitation to commit premeditated murder.
While there is a significant difference between the maximum imposable period of confinement for attempted conspiracy to commit premeditated murder (life imprisonment) and solicitation to commit premeditated murder (confinement for 5 years), this circumstance alone does not require a remand for sentence reassessment. Appellant’s conviction for the other two offenses of attempted murder and conspiracy to commit murder each has a maximum sentence of life imprisonment. See paras. 4e and 43e(l), Part IV, Manual for Courts-Martial, United States (2000 ed.). Moreover, it was the victim of the attempted murder and conspiracy to commit murder offenses who was actually shot, and of course, there was no physical harm to the fictitious in-laws, the putative victims of the solicitation offense. In this case, it is clear that the military judge sentenced appellant for his actions and not the name of his offenses. I am satisfied beyond a reasonable doubt that the mislabeled solicitation to commit premeditated murder had no impact on the sentencing by the military judge in this case, and the error was harmless. See Loving v. Hart, 47 MJ 438, 447 (1998).